Farmers Bank of Woodward, Appellant, v. Clara Wink-
ler Johnson et al.; F. G. Cooper et al., Gar-
nishees, Appellees.

**GARNISHMENT:** Answer — Liability of Garnishee — Demurrer.
Where the answer of a garnishee disclosed liability in the sum
of $1,000, less a set-off of $440 on a note not yet due, and
pleaded an agreement with the attachment defendant, maker
of the note, that it should be paid out of the $1,000 debt, the
answer was sufficient as authorizing the set-off, and there was
no occasion for, nor any statutory authority for, a demurrer
to the answer.

*Appeal from Perry Superior Court.*—W. W. Cardell, Judge.

July 2, 1919.

Appeal by an attachment plaintiff from an order of the
trial court fixing the amount of liability of a garnishee as a
supposed debtor of the attachment defendant.—*Affirmed.*

*S. Trevarthen,* for appellant.

*William H. Winegar,* for appellee.

Evans, J.—Cooper was garnished under the writ of
attachment as a supposed debtor to Johnson, the attach-
ment defendant. He answered, as garnishee, that, as a
purchaser of real estate under contract from Johnson, he
was owing her $1,000; that, on the other hand, she was ow-
ing him on a promissory note the sum of about $440, which
he claimed as a just offset against the $1,000 otherwise due
from him. It appeared, also, from his answer that, though
the note held by him was, on its face, not yet due, it had
been agreed by the maker that, in the event of the sale of
the real estate purchased by him, the note should become due
forthwith, and should be paid out of the proceeds of the real
estate. To this answer of the garnishee, the plaintiff de-

murred, on the ground that the facts stated did not entitle the garnishee to the relief demanded. The demurrer was overruled. The answer of the garnishee was in no manner controverted. Evidence appears to have been introduced, however, at the hearing. The trial court found that the garnishee was entitled to the offset, and fixed his liability as garnishee for the amount remaining over and above such offset. We assume that the appeal of plaintiff is from the order overruling the demurrer, although the abstract is silent on the question. There was no occasion for a demurrer, nor any statutory authority therefor. If the answer disclosed liability, that was sufficient for plaintiff's purpose, without a demurrer. If it disclosed the contrary, then the plaintiff should have controverted the same. The real point argued by plaintiff is that the note, not being due, could not be offset against the garnishment. We need not pass upon the question. The answer of the garnishee pleaded an agreement with the maker of the note that it should be paid out of the proceeds of the sale. This was, itself, sufficient to authorize the offset. The record, therefore, discloses no error.

We pass upon the merits of the appeal with some hesitancy, because of the doubtful sufficiency of the abstract to confer appellate jurisdiction upon us. There is nothing in the abstract, except the title of the case, which advises us which party has appealed, or that any party has appealed. Nor is the abstract signed by any party or attorney. We have had to draw upon the briefs of counsel for the actual state of the record.

We find no error, and the judgment entered below is— *Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.